AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of California



**FILED**

JUN 2 3 2015

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 5:15-sw-00037-JLT
)
Yahoo! Inc. )
701 First Avenue )
Sunnyvale, CA 94089

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Yahoo! Inc., 701 First Avenue, Sunnyvale, CA 94089, described in Attachment A

located in the _____ Eastern _____ District of _____ California _____ , there is now concealed *(identify the person or describe the property to be seized)*:

Described in Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18USC2252(a)(2) | Receipt and/or distribution of child pornography. |
| 18USC2252(a)(4)(B) | Possession of child pornography |

The application is based on these facts:

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Special Agent Joshua F. Preuss
*Printed name and title*

Sworn to before me and signed in my presence.

Date: June **23** , 2015

_____
*Judge's signature*

City and state: Bakersfield, CA

Honorable Jennifer L. Thurston
*Printed name and title*

AFFIDAVIT OF JOSHUA F. PREUSS

I, Joshua F. Preuss, being duly sworn, do hereby depose and state as follows:

## I.    Introduction and Agent Background

1.  I am a federal law enforcement agent within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C) and, pursuant to Title 28, Code of Federal Regulations, sections 60.1-60.3, I am authorized to request the issuance of search warrants thereunder. I am a Special Agent of the Air Force Office of Special Investigations (AFOSI), and have been so employed by the Air Force Office of Special Investigations since June 2014. My current assignment is at AFOSI Detachment 111, Edwards Air Force Base (EAFB), California (CA). In this capacity, I am responsible for investigating cases involving but not limited to distribution and possession of child pornography[1]. My training and experience includes nineteen (19) weeks of training through the Criminal Investigator's Training Program (CITP) and Basic Special Investigator's Course (BSIC) at the United States Air Force Special Investigations Academy (USAFSIA) located at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia.

2.  This affidavit is submitted in support of an application for a search warrant for certain accounts controlled by the Internet Service Provider/electronic mail provider, known as Yahoo Inc., headquartered at 701 First Avenue, Sunnyvale, CA 94089. The Yahoo Inc. email accounts that I am requesting and other law enforcement officers involved in this investigation, be allowed to search Yahoo Inc. email account names **nabarretejoshuay@yahoo.com**, **joshuaxnabarete@yahoo.com**, and **nabarrettejoshua@yahoo.com**. As set forth herein, there is probable cause to believe that on the computer systems of Yahoo Inc., there exists evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Section 2252(a)(2)

---

[1] The term "child pornography," as used in this affidavit, is defined as set forth in 18 U.S.C. § 2256(8).

(receipt and/or distribution of child pornography) and Title 18, United States Code, Section 2252(a)(4)(B) (possession of child pornography).

3. Based on my training and experience, including information I have received from Yahoo Inc., I have learned that Yahoo Inc. is an Internet based company that provides free electronic mail and Instant messaging services to its users, and provides online storage capabilities for electronic communications and image files. Further, I am aware that computers located at Yahoo Inc. contain information and other stored electronic communications belonging to **JOSHUA ANTHONY NABARRETTE**, as well as unrelated third parties who are also members of Yahoo Inc. Accordingly, this affidavit and application for search warrant seek authorization to seize the records and information specified in Attachment "B."

4. The facts set forth in this affidavit are based on the following: my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers; interviews of witnesses; my review of records related to this investigation; communications with others who have knowledge of the events and circumstances described herein; and information gained through my training and experience. I have set forth only those facts that I believe are necessary to establish probable cause to believe that evidence of violations of 18 U.S.C. §§ 2252 are located in the stored contents of the Yahoo Inc. user accounts further described in Attachment "B" of this affidavit. Where statements of others are set forth in this affidavit, they are set forth in substance and in part.

## II.    **Applicable Law**

5. Title 18 United States Code, Section 2252(a)(2) (receipt and/or distribution of child pornography) and 2252(a)(4)(B) (possession of child pornography) provides that it is a crime to knowingly distribute, receive or possess, or knowingly accesses with intent to view any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child

2

pornography that has been mailed or shipped or transported by any means or facility of interstate or foreign commerce or in or affecting interstate commerce by any means, including by computer, or that was produced using materials that have been mailed or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer, shall be in violation.

III.   **Search Procedures Related to Yahoo Inc. and Stored Contents of Electronic Mail/Instant Messaging Data**

6.  In order to facilitate seizure by law enforcement of the records and information described in Attachment "B," this affidavit and application for search warrant seek authorization to permit employees of Yahoo Inc. to assist agents in the execution of this warrant.  In executing this warrant, the following procedures will be implemented:

    a.  The search warrant will be presented to Yahoo Inc. personnel who will be directed to isolate those accounts and files described in Attachments "A" and "B;"

    b.  In order to minimize any disruption of computer service to innocent third parties, Yahoo Inc. employees and/or law enforcement personnel trained in the operation of computers will create an exact duplicate of the computer accounts and files described in Attachment "B," including an exact duplicate of all information stored in the computer accounts and files described in Attachments "A" and "B;"

    c.  Yahoo Inc. employees will provide the exact duplicate in electronic form of the accounts and files described in Attachments "A" and "B" and all information stored in those accounts and files to the agent who serves this search warrant; and

    d.  Law enforcement personnel will thereafter review all information and records received from Yahoo Inc. employees to determine the information to be seized by law enforcement personnel pursuant to Attachment "B."

3

7. In searching for data capable of being read, stored, or interpreted by a computer or storage device, law enforcement personnel executing the search warrant will employ the following procedure:

   a. Seizure of digital devices for off site imaging and search. If no computer personnel are present at the execution of the search warrant, or if they determine that a digital device cannot be searched or imaged on site in a reasonable amount of time and without jeopardizing the ability to preserve data, the digital device will be seized and transported to an appropriate law enforcement laboratory for review.

   b. Law enforcement personnel (potentially including, but not necessarily limited to, computer personnel) will examine the digital device to determine if it contains any data that falls within the list of items to be seized as set forth in the warrant and in Attachment B.

   c. Law enforcement personnel will use procedures designed to identify items to be seized under the warrant. These procedures may include, without limitation, the use of a "hash value" library to exclude normal operating system files that do not need to be searched. In addition, law enforcement personnel may search for and attempt to recover deleted, hidden, or encrypted data to determine whether the data falls within the list of items to be seized under the warrant.

   d. Based on my training and experience, and information related to me by agents and others involved in the forensic examination of computers and digital devices, this procedure has a great potential to go beyond the allotted date authorized in the search authority. If the search authority is granted and the search goes beyond the allotted date, law enforcement personel will complete the search within a reasonable amount of time.

## IV.   **Background Regarding Computers, the Internet, and E-Mail**

8. The term "computer" as used herein is defined in 18 U.S.C. § 1030(e)(1), and includes an electronic, magnetic, optical, electrochemical, or other high speed data processing device

4

performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

9. I have had both training and experience in the investigation of computer-related crimes. Based on my training, experience and knowledge, I know the following:

    a. The Internet is a worldwide network of computer systems operated by governmental entities, corporations, and universities. In order to access the Internet, an individual computer user must subscribe to an access provider, which operates a host computer system with direct access to the Internet. The world wide web ("www") is a functionality of the Internet which allows users of the Internet to share information;

    b. With a computer connected to the Internet, an individual computer user can make electronic contact with millions of computers around the world. This connection can be made by any number of means, including modem, local area network, wireless and numerous other methods; and

    c. E-mail is a popular form of transmitting messages and/or files in an electronic environment between computer users. When an individual computer user sends e-mail, it is initiated at the user's computer, transmitted to the subscriber's mail server, then transmitted to its final destination. A server is a computer that is attached to a dedicated network and serves many users. An e-mail server may allow users to post and read messages and to communicate via electronic means.

## V.   Electronic Mail Provider Yahoo Inc.

10. Based on my training and experience, I have learned the following about Yahoo Inc.:

    a. Yahoo Inc. provides a free electronic mail service and also functions as an online search engine which provides free access and service to its members, who utilize unique user names/email addresses to differentiate from one another's password protected accounts.

    b. Yahoo Inc. is the second most popular Email services in the world, with approximately 310 million unique users visiting the site and/or accessing its services as if October 2011. Yahoo Inc. provides internet communication services such as Yahoo Inc. Mail and Yahoo Inc. Messenger. Yahoo Inc. Mail is one of the largest e-mail services in the world and Yahoo Inc. Messenger is a highly popular instant communication program that users access via their free email service.

c.  Subscribers to Yahoo Inc. may access their accounts on servers maintained and/or owned by Yahoo Inc. from any computer connected to the Internet located anywhere in the world;

d.  Based on my experience and conversations with agents who have served search warrants in previous and unrelated child pornography and child sexual exploitation investigations, stored communications are maintained on servers for an extended period of time, potentially in excess of 180 days. This includes messages/emails sent by a member and/or received by a member, as well as images downloaded or uploaded by a member, and Internet Protocol Address logs that are essential in identifying the location from which a subject is accessing the account;

e.  When the subscriber sends an electronic message, it is initiated at the user's computer, transferred via the Internet to Yahoo Inc. servers, and then transmitted to its end destination, generally the computer of another Yahoo Inc. member. The contents of the message can remain on Yahoo's servers for an extended period of time, potentially in excess of 180 days;

f.  A Yahoo Inc. subscriber can store files, including electronic communications and image files, on servers maintained and/or owned by Yahoo Inc.

g.  Yahoo Inc. users create an online profile in order to show information such as interests, age and hometown and have the ability to upload personal pictures in online storage folders. Yahoo Inc. also allows the user to create personal albums and join Yahoo Inc. NewsGroups, which provide like-minded individuals with similar interests to congregate and share communications and files with one another via the Internet. Users can also send instantaneous Instant Messages to other users. When a person receives an Instant Message, he or she may accept or decline it, or block the user altogether. If the user accepts the Instant Messages and responds, the two will be connected directly and can engage in a real-time conversation through typed text. The user will then appear on the person's friend list and vice-versa.

h.  As an AFOSI Special Agent, I am trained and experienced in identifying communications relevant to the crimes under investigation. The personnel of Yahoo Inc. are not. I also know that the manner in which the data is preserved and analyzed may be critical to the successful prosecution of any case based upon this evidence. Computer Forensic Examiners and investigators assigned to online child sexual exploitation investigations

6

are trained to handle digital evidence, while Yahoo Inc. employees are not. It would be inappropriate and impractical, however, for federal agents to search the vast computer network of Yahoo Inc. for the relevant accounts and then to analyze the contents of those accounts on the premises of Yahoo Inc. The impact on Yahoo's business would be severe;

i. In order to accomplish the objective of the search warrant with a minimum of interference with the business activities of Yahoo Inc., to protect the rights of the subject of the investigation and to effectively pursue this investigation, authority is sought to allow Yahoo Inc. to make a digital copy of the entire contents of the information subject to seizure specified in Attachment "B." That copy will be provided to me or to any authorized law enforcement officer. The contents will then be analyzed to identify records and information subject to seizure pursuant to Attachment "B;" and

j. Executing a warrant to search Yahoo Inc. email accounts requires an approach similar to the standard approach for executing a warrant to search papers stored in a file cabinet. Searching the subject account in this case for evidence of the target crimes will require that agents cursorily inspect all communications produced by Yahoo Inc. in order to ascertain which contain evidence of those crimes, just as it is necessary for agents executing a warrant to search a filing cabinet to conduct a preliminary inspection of its entire contents in order to determine the documents which fall within the scope of the warrant. In addition, keyword searches alone are inadequate to ensure that law enforcement can discover all information subject to seizure pursuant to Attachment "B." Keywords search text, but many common electronic mail, database and spreadsheet applications files (which files may have been attached to electronic mail) do not store data as searchable text.

## VI.    Stored Wire and Electronic Communication Access

11. Title 18, United States Code, Chapter 121, Sections 2701 through 2711, is entitled "Stored Wire and Electronic Communications and Transactional Records Access."

a. Title 18, United States Code, Section 2703(a) provides, in part: A governmental entity may require the disclosure by a provider of electronic communication service of the contents of a wire or electronic communication, that is in electronic storage in an electronic communications system for one hundred and eighty days or less, only pursuant to a warrant issued using the procedures described in the Federal Rules of Criminal

Procedure by a court with jurisdiction over the offense under investigation or equivalent State warrant. A governmental entity may require the disclosure by a provider of electronic communications services of the contents of a wire or electronic communication that has been in electronic storage in an electronic communications system for more than one hundred and eighty days by the means available under subsection (b) of this section.

b.   Title 18, United States Code, Section 2703(b) provides, in part:

(1) A governmental entity may require a provider of remote computing service to disclose the contents of any electronic communication to which this paragraph is made applicable by paragraph (2) of this subsection –

(A) without required notice to the subscriber or customer, if the governmental entity obtains a warrant issued under the Federal Rules of Criminal Procedure or equivalent State warrant...

(2) Paragraph (1) is applicable with respect to any electronic communication that is held or maintained on that service –

(A) on behalf of, and received by means of electronic transmission from (or created by means of computer processing of communications received by means of electronic transmission from), a subscriber or customer of such remote computing service; and

(B) Solely for the purpose of providing storage or computer processing services to such subscriber or customer, if the provider is not authorized to access the contents of any such communications for purposes of providing any services other than storage or computer processing.

c.   The government may also obtain records and other information pertaining to a subscriber to or customer of electronic communication service or remote computing service by way of a search warrant. 18 U.S.C. § 2703(c)(1)(A). No notice to the subscriber or customer is required. 18 U.S.C. § 2703(c)(3).

d.   Title 18, United States Code, Section 2711, provides, in part:

As used in this chapter –

(1) the terms defined in section 2510 of this title have, respectively, the definitions given such terms in that section; and

(2) the term "remote computing service" means the provision to the public of computer storage or processing services by means of an electronic communications system.

8

e.  Title 18, United States Code, Section 2510, provides, in part:

(8) "contents," when used with respect to any wire, oral, or electronic communication, includes any information concerning the substance, purport, or meaning of that communication; . . .

(14) "electronic communications system" means any wire, radio, electromagnetic, photo-optical or photo-electronic facilities for the transmission of electronic communications, and any computer facilities or related electronic equipment for the electronic storage of such communications;

(15) "electronic communication service" means any service which provides to users thereof the ability to send or receive wire or electronic communications;

(17) "electronic storage" means --

(A) any temporary, intermediate storage of a wire or electronic  communication incidental to the electronic transmission thereof; and

(B) any storage of such communication by an electronic communication service for purposes of backup protection of such communication.

## VII.  Data to be Seized

12. Based upon my training and experience, and information related to me by agents and others involved in the forensic examination of computers and digital devices, I know that, in order to search for data that is capable of being read or interpreted by a computer, law enforcement personnel will need to seize, image, copy, and/or search the following items, subject to the procedures set forth herein:

a.  Any documentation, operating logs, and reference manuals regarding the operation of the computer equipment, storage devices, or software;

b.  Any applications, utility programs, compilers, interpreters, and other software used to facilitate direct or indirect communication with the computer hardware, storage devices, or data to be searched;

c.  Any physical keys, encryption devices, dongles, or similar physical items which are necessary to gain access to the computer equipment, storage devices, or data;

9

d. Any passwords, password files, test keys, encryption codes, or other information necessary to access the computer equipment, storage devices, or data; and

e. All records, documents, programs, applications, or materials created, modified, or stored in any form, including in digital form, on any computer or digital device, that show the actual user(s) of the computers or digital devices during any time period in which the device was used to commit the crimes referenced above, including the web browsers history; temporary Internet files; cookies, bookmarked, or favorite web pages; email addresses used from the computer; MAC IDs and/or Internet Protocol addresses used by the computer; email, instant messages, and other electronic communications; address books; contact lists; records of social networking and online service usage; and software that would allow others to control the digital device such as viruses, Trojan horses, and other forms of malicious software (or alternatively, the lack of software that would allow others to control the digital device).

f. All records, documents, programs, applications, or materials created, modified, or stored in any form, including in digital form, on any computer or digital device, that show evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the computer or digital device.

g. All records, documents, programs, applications, or materials created, modified, or stored in any form, including in digital form, on any computer or digital device, that show contextual information necessary to understand the evidence, contraband, fruits, or instrumentalities described in this attachment.

h. All Yahoo Inc. account subscriber information, stored electronic communications, including email (sent/received/stored), digital images, buddy list(s), photo albums, Instant Message data, and any other files associated with user and/or user accounts identified as

10

**nabarretejoshuay@yahoo.com**,      **joshuaxnabarete@yahoo.com**,      and

**nabarrettejoshua@yahoo.com**.

## VIII.    Prior Efforts to Obtain Evidence

13. A search and seizure authority was issued at Muwaffaq Salti Air Base (MSAB), Jordon for JOSHUA ANTHONY NABARRETTE's person, living quarters, and workspace.

14. A search and seizure authority was issued at Bakersfield, CA for JOSHUA ANTHONY NABARRETTE's storage unit in Rosamond, CA.

## IX.    Statement of Probable Cause

15. On September 28, 2014, the user associated with nabarrettejoshuay@gmail.com account uploaded[2] an image depicting a minor engaged in sexually explicit conduct to his Google Incorporated account, nabarrettejoshuay@gmail.com.

16. On or about September 30, 2014, The National Center for Missing and Exploited Children (NCMEC) was notified by Google Incorporated, by the means of a CyberTipline[3] (CT) report 2872306, that the email account, nabarrettejoshuay@gmail.com, uploaded child pornography to the Google + photo directory associated with the nabarrettejoshuay@gmail.com email account. A secondary email was indicated in the report, which was listed as **nabarrettejoshuay@yahoo.com**.

17. On September 28, 2014, the user associated with nabarrettejoshuay@gmail.com account uploaded an image titled "ginger-064-007.jpg" one time using the Internet Protocol (IP) address

---

[2] The act of uploading (antonym of downloading) is to transfer data from one's own digital device (i.e. computer, external hard drive, thumb drive, etc.) to a server or host computer (i.e. internet).

[3] Electronic Service Providers are required by law to report apparent child pornography to law enforcement via the CyberTipline (18 U.S.C. § 2258A). The CyberTipline reporting mechanism assists law enforcement and prosecutors in their detection, investigation and prosecution of child sexual exploitation crimes.

188.247.92.42, an IP address associated with the Internet Service Provider[4] (ISP) Linkdotnet-Jordan.

18. SA Adam D. Brose, NCMEC Military Criminal Investigation Organization (MCIO) liaison, examined the IP address log pertaining to the nabarrettejoshuay@gmail.com account provided by Google within the CT report and identified an IP address belonging to the Air Force Network. After an examination including date, time, IP address, and computer terminal identification, **JOSHUA ANTHONY NABARRETTE** was identified as the end user. To access the Air Force Network an individual must utilize a Common Access Card (CAC), which is inserted into a computer terminal. Once the CAC is inserted into the computer terminal the user must enter a unique six digit personal identification number (PIN) to access the Air Force Network. The CAC is identified with an unique Department of Defense Identification number unique to one individual.

19. On or about October 10, 2014, NCMEC notified the AFOSI that **JOSHUA ANTHONY NABARRETTE** possibly possessed child pornography.

20. Image titled "ginger-064-007.jpg" depicted a single semi-clothed female wearing a yellow in color tank top and a pair of white and yellow underwear which appear to be pulled in-between her buttocks. The female is posing bent over at the waist with her buttocks being the focal point of the image. Based upon my training and experience, and information related to me by forensic experts, the female appears to be a minor approximately between 12 to 16 years of age based on the facial features and overall body composition of the female.

---

[4] ISPs provide services for accessing, using, or participating in the Internet. ISPs also provide Internet transit, domain name registration, web hosting, and colocation center. Colocation center is a type of data center where equipment, space, and bandwidth are available for rental to retail customers. Colocation facilities provide space, power, cooling, and physical security for the server, storage, and networking equipment of other firms and connect them to a variety of telecommunications and network service providers.

21. On or about November 14, 2014, an interview of Civ Robert HOOVER, Anti-Terrorism Officer (ATO), 412th Security Forces Squadron (SFS), EAFB, CA revealed **JOSHUA ANTHONY NABARRETTE** was ordered to move from 215 Spiro Drive, Dorm Room 125, EAFB, CA 93524 prior to being deployed near Amman, Jordan. HOOVER mentioned **JOSHUA ANTHONY NABARRETTE** moved his personal belongings to a storage unit.

22. Between January 4, 2015 and January 5, 2015, the user associated with joshuaxnabarete@gmail.com uploaded four images depicting minors engaged in sexually explicit conduct to his Google Incorporated account, joshuaxnabarete@gmail.com.

23. On or about January 6, 2015, NCMEC was notified by Google Incorporated, by means of a CyberTipline (CT) report 3421983, that the email account, joshuaxnabarete@gmail.com, uploaded child pornography to the Google + photo directory associated with the joshuaxnabarete@gmail.com email account. A secondary email was indicated in the report, which was listed as **joshuaxnabarete@yahoo.com**.

24. On January 4, 2015, the user associated with joshuaxnabarete@gmail.com uploaded an image titled "0_922.jpg" one time, an image titled "4_29.jpg" four times, and an image titled "8_773.jpg" two times using the IP addresses 74.115.0.220 and 74.115.0.219 respectfully, which are associated with an anonymous proxy.

25. On January 5, 2015, the user associated with joshuaxnabarete@gmail.com uploaded an image titled "alissamodel-004.jpg" one time using the IP address 173.245.65.174, which are associated with the ISP EGIHosting.

26. The email account, joshuaxnabarete@gmail.com, was created on day after the previously reported email account, nabarettejoshuay@gmail.com, was deactivated. The email account, joshuaxnabarete@gmail.com, was created from the same IP address as the prior email account,

13

nabarettejoshuay@gmail.com, of which, **JOSHUA ANTHONY NABARRETTE** was identified as the end user.

27. On or about January 15, 2015, NCMEC notified the AFOSI, **JOSHUA ANTHONY NABARRETTE** possibly uploaded child pornography.

28. Image titled "0_922.jpg" depicted a single semi-clothed female wearing a yellow in color tank top and a pair of white and pink underwear, which appear to be pulled in-between her buttocks. The female is posing on her back with her legs spread and held in the air by her hands. The background of the image is a pink sheet, similar to a studio and the focal point of the image is the genitalia. Based upon my training and experience, and information related to me by forensic experts, the female appears to be a minor approximately between 10 to 14 years of age based on the facial features and overall body composition of the female.

29. Image titled "4_29.jpg" depicted a single semi-clothed female wearing a black in color bra and a pair of black "see-through" underwear, which appear to be pulled in-between her buttocks. The female is posing on her back with her legs spread and in the air. The background of the image is a yellow sheet, similar to a studio and the focal point of the image is the genitalia which can be seen through the underwear. Based upon my training and experience, and information related to me by forensic experts, the female appears to be a minor approximately between 10 to 14 years of age based on the facial features and overall body composition of the female.

30. Image titled "8_773.jpg" depicted a single semi-clothed female wearing a white in color ribbon around her chest covering her nipples and a pair of white "see-through" underwear, which appear to be pulled in-between her buttocks. The female is posing on her back with her legs spread and in the air. The background of the image is a brown couch and the focal point of the image is the genitalia which can be seen through the underwear. Based upon my training and experience, and information related to me by forensic experts, the female appears to be a minor approximately

14

between 10 to 14 years of age based on the facial features and overall body composition of the female..

31. Image titled "alissamodel-004.jpg" depicted a single semi-clothed female wearing a purple in color bra and a pair of gray underwear, which appear to be pulled in-between her buttocks. The female is posing on her back with her legs spread and her back arched and her groin towards the camera with the focal point of the image being the genitalia. The background of the image appears to be a studio setting including bedding made up of a sheet and a pillow. Based upon my training and experience, and information related to me by forensic experts, the female appears to be a minor approximately between 10 to 14 years of age based on the facial features and overall body composition of the female.

32. On March 16, 2015, a search was conducted on **JOSHUA ANTHONY NABARRETTE**'s storage unit in Rosamond, CA.  During the search of **JOSHUA ANTHONY NABARRETTE**'s storage unit several digital devices, women's clothing, and notebooks were seized.  A cursory search of the digital devices revealed approximately 120 images of minors engaged in sexually explicit conduct..  A cursory search of a recorded video found in the storage unit revealed a homemade recording of an individual (presumably **JOSHUA ANTHONY NABARRETTE**) filming himself stealing women's underwear from the tops of unattended washers and dryers in a dorm facility at EAFB, CA.  Lastly, the notebooks seized listed several usernames and passwords, to include the usernames incorporated in Attachment "B."

33. On or about May 5, 2015, The Defense Computer Forensics Laboratory (DCFL) conducted a search of **JOSHUA ANTHONY NABARRETTE**'s computer for confirmed child pornography by NCMEC.  The computer was seized from a search conducted at Muwaffaq Salti Air Base (MSAB), Jordon.  The computer is believed to have access to the Yahoo Inc. email account names **nabarretejoshuay@yahoo.com**, **joshuaxnabarete@yahoo.com**, and

15

**nabarrettejoshua@yahoo.com** were accessed from.  The computer contained approximately 75,000 images, of which, NCMEC confirmed 17 images containing 7 hash values[5] as confirmed child pornography.   An addition search for unconfirmed child pornography, which is not completed, identified approximately 200 more images with minors engaged in sexually explicit conduct.

## X.    **Conclusion**

34. Based upon the information above, I have probable cause to believe that on the computer systems owned, maintained, and/or operated by Yahoo Inc. Inc., headquartered at 701 First Avenue, Sunnyvale, CA 94089 (described above and in Attachment "A"), there exists evidence, fruits, and instrumentalities of violations of Title, 18 United States Code, Sections 2252(a)(4)(B) and 2252(a)(2).  By this affidavit and application, I request that the Court issue a search warrant directed to Yahoo Inc. allowing agents to seize the e-mail and other information stored on the Yahoo Inc. servers for the computer accounts and files and following the search procedure described in Attachment "B."

---

[5] A hash function is any function that can be used to map digital data of arbitrary size to digital data of fixed size. The values returned by a hash function are called hash values, hash codes, hash sums, or simply hashes. One use is a data structure called a hash table, widely used in computer software for rapid data lookup. Hash functions accelerate table or database lookup by detecting duplicated records in a large file. An example is finding similar stretches in DNA sequences. They are also useful in cryptography. A cryptographic hash function allows one to easily verify that some input data maps to a given hash value, but if the input data is unknown, it is deliberately difficult to reconstruct it (or equivalent alternatives) by knowing the stored hash value. This is used for assuring integrity of transmitted data, and is the building block for HMACs, which provide message authentication.

Joshua F. Preuss
Special Agent
Air Force Office of Special Investigations

Approved as to form.

Brian W. Enos, Esq.
Assistant United States Attorney

Subscribed and sworn to before me this __23rd__ day of June, 2015.

Hon. Jennifer L. Thurston
United States Magistrate Judge

17

**ATTACHMENT A**

1. THE PREMISES known as Yahoo Inc., Custodian of Records, 701 First Avenue, Sunnyvale, CA 94089, (408) 349-3687 (office), (408) 349-7941 (fax).

   END OF ATTACHMENT "A"

**ATTACHMENT B**

1. All Yahoo Inc. account subscriber information, stored electronic communications, including email (sent/received/stored), digital images, buddy list(s), photo albums, Instant Message data, and any other files associated with user and/or user accounts identified as follows:

    a. **nabarretejoshuay@yahoo.com**

    b. **joshuaxnabarete@yahoo.com**

    c. **nabarrettejoshua@yahoo.com**

END OF ATTACHMENT "B"

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Yahoo! Inc.<br>701 First Avenue<br>Sunnyvale, CA 94089 | )<br>)<br>) Case No.     5:15-sw-00037-JLT<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____EASTERN_____ District of _____CALIFORNIA_____ *(identify the person or describe the property to be searched and give its location)*:

PLEASE SEE ATTACHMENT "A" HERETO AND MADE A PART HEREOF

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
PLEASE SEE ATTACHMENT "B" HERETO AND MADE A PART HEREOF, which is evidence of violations of Title 18, United States Code, Section 2252(a)(2) (receipt) and 2252(a)(4)(B) (Possession), Receipt and Possession of Child Pornography.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before _____7/7/15_____
*(not to exceed 14 days)*

☑ in the daytime  6:00 a.m. to 10 p.m.       ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge

_____ .
*(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.
                                                          ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:  6/23/15,  10:43 am          *Jennifer L. Thurston*
                                                                                    *Judge's signature*

City and state:     Bakersfield, California          Jennifer L. Thurston, United States Magistrate Judge
                                                                              *Printed name and title*

| Return | | |
|---|---|---|
| Case No.:<br>5:15-sw-00037-JLT | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |

Inventory of the property taken and name of any person(s) seized:

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

**ATTACHMENT A**

1.  THE PREMISES known as Yahoo Inc., Custodian of Records, 701 First Avenue, Sunnyvale, CA 94089, (408) 349-3687 (office), (408) 349-7941 (fax).

    END OF ATTACHMENT "A"

**ATTACHMENT B**

1. All Yahoo Inc. account subscriber information, stored electronic communications, including email (sent/received/stored), digital images, buddy list(s), photo albums, Instant Message data, and any other files associated with user and/or user accounts identified as follows:

   a. **nabarretejoshuay@yahoo.com**

   b. **joshuaxnabarete@yahoo.com**

   c. **nabarrettejoshua@yahoo.com**

END OF ATTACHMENT "B"